CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 20 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL WHISMAN, | ) | Civil Action No. 7:10-cv-00010 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Michael Whisman, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff is presently incarcerated in a local jail, alleges he is a state prisoner, and names the Director of the Virginia Department of Corrections ("VDOC") as the sole defendant. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. He is a state prisoner being held at a regional jail, but he is supposed to be moved to a VDOC facility within ninety days of his last court date. Plaintiff can not receive the schooling or the recreation he is allowed to get each day while in the regional jail. Plaintiff can not get a job at the regional jail to earn money to buy property. Plaintiff requests as relief a transfer from the regional jail to a VDOC facility.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to state a claim against Gene Johnson as Director of the VDOC. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See

2

Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff can not establish any action by Gene Johnson for his claims because he is not subject the VDOC's conditions of confinement. Instead, plaintiff is subject to the conditions of a regional jail, of which none of its officials are named as a defendant. Therefore, plaintiff's complaint can not proceed against Gene Johnson.

Moreover, plaintiff requests as relief a transfer to a VDOC facility. An inmate does not have a constitutional right to be placed in a specific security classification or facility, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, plaintiff's housing at a regional jail instead of a VDOC facility does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati, 120 F.3d at 503 (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor

does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right").

Plaintiff also alleges additional complaints regarding the conditions of his confinement, including lack of educational programs and adequate daily recreation. However, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). This case is somewhat analogous to Strickler v. Waters, 989 F. 2d 1375, 1381 (4th Cir. 1993), where the Court stated:

> In his efforts to establish a constitutional violation, Strickler alleges deprivations caused by double bunking, limited exercise opportunities, and inadequate ventilation. Though such conditions could rise to the level of constitutional violations were they to produce serious deprivations of identifiable human needs, Strickler has come forward with no evidence that he has sustained any serious or significant physical or emotional injury as a result of these conditions.

Similarly, plaintiff does not presently allege any serious physical or emotional injury as a result of his conditions of confinement. Moreover, prisoners do not have a constitutionally protected right to work while incarcerated or to remain in a particular job once assigned. See Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991); Altizer v. Paderick, 569 F.2d 812, 815 (4th Cir. 1978). Therefore, the court finds that this case is subject to dismissal against Gene Johnson for

plaintiff's failure to state a claim upon which relief may be granted.

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 20th day of January, 2010.

_____
Senior United States District Judge